STATE EX REL. IND. STATE HWY. COMM. ET AL. *v.*
PORTER CIRCUIT COURT ET AL.

[No. 1067S107. Filed January 21, 1969. Rehearing
denied March 14, 1969.]

*John J. Dillon,* Attorney General, *Charles S. White,* Chief
Counsel, Staff, and *Virginia D. McCarty,* Assistant Attorney
General, for relator.

*Russell A. Willis,* of Portage, for respondent.

PER CURIAM.—A petition for writ of prohibition was filed
by the relators against the respondents on October 17, 1967.
Thereafter this court granted additional time to brief the
matter presented and for the respondents to file a reply
brief.

On August 14, 1967, the Town of Portage by William E.
Westergreen, III, Henry Hansen, Jack Clem, Charles Hodges,
Albert Yovanovich, John Vanwomer, and Paul Tolliver, as
plaintiffs, filed in the respondent court their complaint nam-
ing relators as defendants, requesting a restraining order
against relators which was granted by the respondent Judge.
After a motion to dissolve restraining order by the relators
was overruled, the writ of prohibition was presented to this
court.

Relator Indiana State Highway Commission has already acquired much of the necessary right-of-way for approximately four to four and one-half miles of Interstate Highway No. I-94 through the Town of Portage in Porter County, Indiana, and is in the process of acquiring the remainder. That said relator on December 2, 1966, let contract B-7151 to Superior Construction Company of Gary, Indiana, for the construction of a continuous steel beam bridge over the Wabash Railroad, U. S. Highway No. 20, Willow Creek, and the Baltimore & Ohio Railroad at their intersection with said I-94 at a point approximately 1,000 feet east of the west boundary of the Town of Portage (which is also the west boundary of Porter County) and approximately three and one-half miles west of Samuelson Road, (the threatened blocking of which is plaintiffs' primary objection. Work on said bridge has been under way many months and is now approximately 85% (or $1,440,700) complete leaving approximately 15% of the work, of the value of approximately $254,000 yet to be completed. Included in the work to be completed is the deck (roadway surface) of the east-bound lanes, which involves the pouring of concrete which must be done in good weather. The State is subject to claim for damages for delay caused the contractor if his work is shut down. The Bureau of Public Roads of the Department of Transportation, Government of the United States concurs the relator, Indiana State Highway Commission, will be in a position to award to Orr Construction Company a contract to construct that part of I-94 known as Project I-94(6), Contract R-7525, which extends eastwardly from a point in Lake County, Indiana, approximately 250-300 feet west of the west boundary of Porter County and the Town of Portage to a point approximately 4,500 feet or 9/10 of one mile west of Samuelson Road, an overall distance of 2,952 miles and a net construction length of 2.763 miles (excluding the bridge already under construction.)

In the interim both relators and the Town of Portage have made attempts to compromise the matter, and a ruling on the writ has been delayed by this court by the request of both parties in their attempt to come to an agreement, which they finally were unable to do.

The gist of the plaintiff's complaint in the respondents' court below is that the relator is building a limited access highway, Interstate 94, and planning to rebuild U. S. Highway 12 as a limited access facility, through the Town of Portage, Porter County, without having obtained the consent of the town trustees, which consent plaintiffs below claim is required by Ind. Acts. 1945, ch. 245, § 3, p. 1113, being Burns' Ind. Stat. Anno. § 36-3103.

The statute which plaintiffs below say require their consent to the building of Interstate 94 in the Town of Portage is this third section of a uniform act empowering road building authorities on the state and local level to build limited access facilities. It is Burns' § 36-3103, and reads as follows:

"The highway authorities of the state, counties, cities, and towns, acting alone or in cooperation with each other or with any federal, state, or local agency of any other state having authority to participate in the construction and maintenance of highways, are hereby authorized to plan, designate, establish, regulate, vacate, alter, improve, maintain, and provide limited access facilities for public use whenever such authority or authorities are of the opinion that traffic conditions, present or future, will justify such special facilities—*Provided, That within cities and towns such authority shall be subject to such municipal consent as may be provided by law.* Said highway authorities of the state, counties, cities, and towns, in addition to the specific powers granted in this act, shall also have and may exercise, relative to limited access facilities, any and all additional authority now or hereafter vested in them relative to highway or streets within their respective jurisdictions. Said units may regulate, restrict, or prohibit the use of such limited access facilities by the various classes of vehicles or traffic in a manner consistent with section 2 of this act." (Emphasis added.)

The plaintiffs below contend the italicized provision requires the Indiana State Highway Commission to obtain the consent of towns and cities before.it can build a limited access highway within such municipalities.

Neither this court nor the Appellate Court has ever had occasion to interpret or construe that statute, but an identical proviso in a substantially identical Delaware statute was interpreted by the Supreme Court of that state in *Piekarski* v. *Smith* (1959), 153 A. 2d 593, as follows:

"They say that the last clause (the identical proviso) of this section requires the consent of both city council and of the Park Board to the taking of park land. This is a misreading of the language. Municipal consent is required only when required 'by law.' As we have seen, no such consent is required here unless the width of a street is changed, and then only from 'the governing body', i.e., the Council."

Unlike Delaware, however, Indiana does not have any law which requires the Indiana State Highway Commission to obtain consent from the governing body of a municipality to change the width of a street or consent to do anything else in connection with the construction of a limited access highway through the municipality.

This matter was, however, answered in an official opinion by Attorney General Edwin K. Steers, being Official Opinion No. 40 of 1958, p. 177. His conclusion on page 181 thereof is as follows:

"In conclusion, therefore, it is my opinion that local highway authorities do not need to act upon any petitions of property owners in order to express approval of a planned limited access highway which is designated and established by the State Highway Department; and that such approval, though desirable, is not necessary to authorize action by the State Highway Department."

The State Highway Department of Indiana referred to in 1958 O.A.G. No. 40, *supra*, was abolished by Ind. Acts 1961,

ch. 201, § 14, Burns' Ind. Stat. Anno. § 36-1012 and its powers, duties, etc. transferred to the Indiana State Highway Commission created by section 2 of that act, Burns' § 36-101. The powers of that commission set out in § 5 of the Act, Burns' § 36-101c, are: "To plan and supervise the administration and the conduct of the work of constructing, reconstructing, improving, maintaining and repairing the public highways and bridges of the state of Indiana," and related and supplemental powers. Nothing in these powers fits into the description of a "governing body" comparable to a city council or board of county commissioners. The Indiana State Highway Commission powers and jurisdiction are state wide.

Indiana Acts 1957, ch. 138, § 98, being Burns' Ind. Stat. Anno. § 53-1098, provides as follows:

"Nothing in this or any other act pertaining to planning or zoning shall be deemed to restrict or regulate or to authorize any unit of government, legislative body, plan commission, or board of zoning appeals, now or hereafter established, to restrict or regulate the exercise of the power of eminent domain by the State of Indiana or by any state agency, or the use of property owned or occupied by the State of Indiana or by any state agency. As used in this section the term 'state agency' shall mean and include all agencies, boards, commissions, departments, and institutions, including state educational institutions, of the State of Indiana."

As we have heretofore pointed out, the respondents have relied on the Delaware case of *Piekarski* v. *Smith, supra,* as authority for the proposition that municipal consent is necessary. There is no statute in Indiana similar to the one in Delaware which requires the State Highway Commission to require the town's consent since no right of the town will be invaded by relators so acting. The Porter Circuit Court improperly exercised its extraordinary powers in equity in attempting to prohibit the Indiana State Highway Commission from acting.

The writ of prohibition as prayed for in relators' petition is granted.

DeBruler, J., dissents.

NOTE.—Reported in 243 N. E. 2d 764.